UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James P. Frisch, Jr.,                                        Civil No. 07-4796 (DWF/SRN)

            Plaintiff,

v.                                                         **MEMORANDUM**
                                                              **OPINION AND ORDER**

Messerli & Kramer, P.A., and
Mercedes A. Gustafson,

            Defendants.

_____

John H. Goolsby, Esq., Goolsby Law Office, LLC, counsel for Plaintiff.

Andrew J. Steil, Esq., Derrick N. Weber, Esq., and Truman W. Schabilion, Esq., Messerli & Kramer, counsel for Defendants.

_____

## INTRODUCTION

This matter is before the Court pursuant to an Amended Motion for Summary Judgment brought by Defendants Messerli & Kramer, P.A. ("M&K") and Mercedes A. Gustafson. For the reasons stated below, Defendants' Amended Motion for Summary Judgment is granted.

## BACKGROUND

M&K represented Dakota Bluff Financial, LLC ("Dakota Bluff"), in a separate action whereby Dakota Bluff sued James P. Frisch in Minnesota state court alleging that Frisch owed money on an unpaid debt. On November 29, 2006, M&K served Frisch with the summons and complaint in that action.

In early December 2006, Frisch sent M&K a letter[1] stating that, to his knowledge, he had never held a credit card from the originating creditor, and denying that he had been known by the alias included in the caption of the suit being brought against him. On December 6, 2007, M&K sent Frisch a letter in response, stating the following:

> As you have not interposed a formal Answer in accord with the relevant court rules, we are preparing administrative default judgment documents for filing with the court. We will refrain from filing these documents to allow you time to seek legal counsel, interpose a formal Answer, and/or set up a suitable repayment plan with our office. If we do not hear from you, we may be requesting that the court enter a default judgment against you.

(Affidavit of Derrick N. Weber ("Weber Aff.") ¶ 24, Ex. D.) Frisch asserts that he sent a second letter to M&K on December 13, 2006.[2] The second December 2006 letter stated that Frisch disputed the debt and again denied ever being known as the alias included in the caption of the case.

On January 30, 2007, M&K, on behalf of Dakota Bluff, applied for administrative default judgment against Frisch. The parties dispute whether both December 2006 letters were attached to M&K's submission. M&K asserts that the first and second December 2006 letters were attached; Frisch contends that only the first December 2006 letter was attached, pointing to a note typed on the returned papers stating that "Judge Spicer

---

[1] Frisch asserts that he sent the letter on December 4, 2006. M&K asserts it received the letter on December 6, 2006. The Court refers to this letter herein as "the first December 2006 letter."

[2] M&K asserts that it received the second letter on January 4, 2007. The Court refers to this letter herein as "the second December 2006 letter."

(Footnote Continued on Next Page)

reviewed this filing and stated it will require a hearing. He reviewed the letter the Defendant sent." (Affidavit of John H. Goolsby ("Goolsby Aff.") ¶ 2, Ex. A.) The state court denied M&K's application and ordered the matter set on for a formal default judgment hearing.[3]

In early April 2007, M&K filed a motion for default judgment on behalf of Dakota Bluff. With the motion papers, M&K submitted an affidavit of no answer signed by Gustafson, an attorney employed by M&K, and attached the first December 2006 letter. The affidavit of no answer specifically stated the following:

> The undersigned, being duly sworn on oath says: that she is one of the attorneys for Plaintiff in the action above entitled; that the summons and complaint in said action have been duly served on Defendant and said summons and complaint with proof of said service thereof duly filed in the office of the Court Administrator; that the time allowed by law and specified in said summons for Defendant to answer the complaint in said action has elapsed, that no answer or other pleading has been received by or served upon Plaintiff or its attorney, and Defendant has not otherwise defended in the action; that accordingly Defendant is in default herein. On or about December 6, 2006, Plaintiff received a letter from Defendant that expressed a lack of knowledge of having the question credit card, which does not constitute a formal Answer to according to Minnesota Rules of Civil Procedure.

(Weber Aff. ¶ 25, Ex. E.)

---

(Footnote Continued From Previous Page)

[3] Frisch contends that he sent a third letter to M&K on March 26, 2007, disputing that he owed the alleged debt, explaining that he never had a credit card through the originating creditor, and explaining that he was not the named alias in the caption of the suit. M&K does not admit to receiving this letter. Frisch points to a certified mail return receipt to show that they did. The Court refers to this letter herein as "the third letter."

On May 14, 2007, M&K received a letter from Frisch's attorney asserting that the first December 2006 letter was an Answer. Frisch's attorney requested that Dakota Bluff/M&K dismiss the case and cancel the default motion hearing. Thereafter, M&K canceled the May 17, 2007 default motion hearing and Frisch's counsel filed the first December 2006 letter with the state court as Frisch's *pro se* Answer. The state court set the case for a September 17, 2007 trial. On the day of the trial, the parties settled the dispute and the case was dismissed with costs paid to Frisch.

On December 10, 2007, Frisch filed his Complaint against M&K and Gustafson in this Court, alleging that M&K, through Gustafson, filed an affidavit containing a false statement in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(10). Specifically, Frisch argues that the second December 2006 letter and the third letter "answer or otherwise defend" within the meaning of the Minnesota Rules of Civil Procedure, and, therefore, the affidavit of no answer submitted by M&K stating that Frisch "had not otherwise defended in the action" is a false or misleading representation in connection with the collection of a debt.

## DISCUSSION

### I.   Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*

*of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**II.** *Rooker-Feldman*

Defendants contend that Frisch's claim is barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal courts other than the United States Supreme Court do not have subject matter jurisdiction to hear challenges to state court judgments. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Specifically, federal courts are precluded from adjudicating claims that are "inextricably intertwined" with state court judgments. *Id.* (citing

*Feldman*, 460 U.S. at 482 n.16). A federal claim is "inextricably intertwined" with a state court judgment when "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Id*. at 493 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)).

The Court concludes that the *Rooker-Feldman* doctrine does not apply here because the state court made no decision on the default judgment that was before it. Therefore, this Court is not being asked to review a district court's order, but is instead merely being asked to adjudicate the merits of claims that have not yet been adjudicated or addressed by a state court.

### III. Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692e(10)

Frisch asserts that M&K, through Gustafson, filed an affidavit containing a false statement in violation of sections 1692e and 1692e(10) of the Fair Debt Collection Practices Act. Specifically, Frisch asserts that Gustafson made a false statement when she represented that Frisch had not "otherwise defended" in the action.

The Fair Debt Collection Practices Act states in relevant part as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

15 U.S.C. § 1692e. It is a violation of section 1692e to "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. § 1692e(10). According to Minnesota Rule of Civil Procedure 55.01, "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend within the time allowed therefor[e] by these rules or by statute, and that fact is made to appear by affidavit, judgment by default shall be entered against that party[.]"

The Court concludes that Frisch's claim fails because Gustafson did not use a false representation in her affidavit. The affidavit states that "no answer or other pleading has been received by or served upon Plaintiff or its attorney, and Defendant has not otherwise defended in the action[,]" and that the letter received by M&K received on or about December 6, 2006, expressing a lack of knowledge of having the credit card in question "[did] not constitute a formal Answer [] according to Minnesota Rules of Civil Procedure." (Weber Aff. ¶ 25, Ex. E.)[4] Gustafson attached the first December 2006 letter for the court's review.

Minnesota Rule of Civil Procedure 15.01 allows a party to amend a pleading once as a matter of course within 20 days after it is served. Therefore, here, even if the state court construed the first December 2006 letter as an Answer, it was reasonable for Gustafson to believe that the second December 2006 letter (or the third letter for that matter), was not a pleading or amended pleading according to the rules, based on the fact

---

[4] The Court notes that this position is consistent with the position M&K took in its December 6, 2007 letter sent in response to Frisch's first December 2006 letter. Therefore, Frisch cannot claim that he was not on notice of M&K's position that the first December 2006 letter did not constitute a formal Answer.

that M&K did not receive the second December 2006 letter until January 4, 2007.[5] Although the Court does not condone M&K's decision to not attach the second December 2006 letter, the representation made by Gustafson in the affidavit that "no answer or other pleading has been received by or served upon Plaintiff or its attorney" was not false.

Further, Gustafson's representation that "Defendant has not otherwise defended in the action" was not false either. Minnesota courts have not interpreted what "otherwise defend" means within the context of Rule 55.01. However, Minnesota Rule of Civil Procedure 55.01 is substantially similar to Federal Rule of Civil Procedure 55(a), and a court may look to a federal court's interpretation of federal rules of procedure for guidance on the interpretation of parallel state rules of procedure. *See DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997).

Federal courts have explained that under the federal rules, "otherwise defend" refers to "attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Bass v.*

---

[5] Although Frisch asserts that he sent the second December 2006 letter on December 13, 2006, this assertion does not create a genuine issue of material fact as to whether Gustafson's representation in her affidavit was true or not. There is no evidence in the record showing that Gustafson knew that the second December 2006 letter was sent within the 20-day window. Therefore, her representation, as she knew it, was not false. Further, any argument by Frisch that the second December 2006 letter or the third letter constitutes a pleading would be contrary to his actions. After M&K filed a motion for default judgment and submitted its papers to the court, Frisch filed the first December 2006 letter as his *pro se* Answer. Frisch did not subsequently file the second December 2006 letter as an Amended Answer, nor did he request to amend his Answer thereafter.

*Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits."). Frisch's letters made no such attacks or defensive motions. Therefore, based on published case law, Gustafson had a reasonable basis to state that Frisch had not otherwise defended in the action and her representation was not false. *See Black v. Rimmer*, 700 N.W.2d 521, 526 (Minn. Ct. App. 2005) (concluding that a defendant who does not answer a complaint or file any defensive motions does not "otherwise defend" within the requirements of Rule 55.01 by appearing for a deposition, answering the questions put to him at the deposition, appearing at scheduled court hearings, and having telephone conversations with plaintiffs' attorneys). Thus, Frisch has not raised a genuine issue of material fact as to whether the representation made in the affidavit was false. Defendants are entitled to judgment as a matter of law.[6]

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that:

1.  Defendants' Amended Motion for Summary Judgment (Doc. No. 6) is **GRANTED.** Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

---

[6] Because the Court concludes that Frisch's claim fails as a matter of law because the affidavit-at-issue was not false or misleading, the Court need not address Defendants' other arguments.

9

    2.    Defendants' Motion for Summary Judgment (Doc. No. 3) is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 28, 2008                      <u>s/Donovan W. Frank</u>
                                          DONOVAN W. FRANK
                                          Judge of United States District Court